UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES LANE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 2:22-cv-00337 |
| | ) |
| CONTRAK COURIER, INC. and | ) |
| DENNIS MORROW, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Charles Lane ("Lane"), brings claims against Defendants, Contrak Courier, Inc. ("Company") and Dennis Morrow ("Morrow", or collectively "Defendants"), as follows:

## OVERVIEW

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"). Lane pleads the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IMWL") in the alternative.

## PARTIES

2. Lane is an individual who, at all relevant times, worked out of Lake County, Indiana. He was employed by Defendant within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Lane was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Lane was an employee as defined by I.C. §22-2-2-3.

3. Company is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). Alternatively, Lane's work regularly involved commerce between states.

1

Moreover, Company is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint. Defendant's business is located in Crown Point, Indiana.

4. Morrow is a President of Company. In this capacity, Morrow is involved in or has oversight for the day-to-day operations of Company. Morrow has the authority to make decisions regarding wage and hour issues policies and practices. At all relevant times, Morrow shared responsibility to act on behalf of, and in the interest of, Company in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Lane. As a result, Morrow is an "employer" within the meaning of 29 U.S.C. § 203(d).

5. At all times hereinafter, Company has been an enterprise engaged in commerce or in the production or services of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1).

## JURISDICTION

6. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over Lane's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

7. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in the Northern District of Indiana in or around Lake County, Indiana.

## FACTS

8. Lane was hired by Company in or about 2015. He was employed as a courier, driving Company's car to transport and deliver various medical instruments and tests between hospitals in Chicago, Illinois and various hospitals in Indiana.

9. Lane most recently was paid $14.00 per hour. He resigned his employment during the summer of 2022.

10. Historically, Defendants would list the overtime hours Lane worked but still only pay him his regular rate of pay.. Defendants classified Lane's position as 'non-exempt.'

11. Defendants paid Lane weekly.

12. More recently, Defendants elected to recategorize Lane's pay to "on call" pay to continue to avoid paying him overtime wages. By way of example, for the pay period ending August 20, 2021, Defendants paid Lane $14.00 per hour for 39.50 hours of work. Additionally, it categorized an 8 hours of pay as "on call" work paid at an amount of $112.00 ($14/hour X 8 hours).

13. Defendants scheme was intended to deny paying Lane overtime wages required by federal and/or Indiana state law.

14. Lane has suffered financial harm as a result of Defendants' conduct.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

15. Lane incorporates paragraphs 1 – 14 herein.

16. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the overtime wage requirements of the FLSA.

17. Lane was not paid at least time and one-half his regular rate for hours he worked in excess of forty (40) hours per week.

18. Defendants do not have a good faith or reasonable basis to believe its compensation scheme complied with federal law. As a result, Defendants are subject to the bad faith 3-year statute of limitations under the FLSA.

19. Lane was harmed by Defendants' unlawful willful and/or reckless conduct.

## COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE

20. Lane incorporates paragraphs 1 – 19 herein.

21. Lane pleads his Indiana minimum wage law claims in the alternative.

22. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Lane at time and one-half for each hour worked in excess of forty per week.

23. Defendants' conduct is willful, reckless, or indifferent to Lane's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a. An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum Wage Law finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An order awarding Plaintiff unpaid wages and any applicable penalties under Federal and Indiana law, including laws that address unlawful wage deductions;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff his attorney's fees;

      e.      A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and/or Indiana law by failing to comply with the overtime wage requirements of the FLSA and Indiana law; and

      f.      An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott  
Christopher S. Wolcott (#23259-32)  
The Wolcott Law Firm LLC  
450 East 96th Street, Ste 500  
Indianapolis, IN  46240  
Tel: (317) 500-0700  
Fax: (317) 732-1196  
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott  
Christopher S. Wolcott (#23259-32)  
The Wolcott Law Firm LLC  
450 East 96th Street, Ste 500  
Indianapolis, IN  46240  
Tel: (317) 500-0700  
Fax: (317) 732-1196  
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff